1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GABRIEL TORRES,

11          Plaintiff,                    No. CIV S-10-0977 GGH P

12       vs.

13   KARINA, Nurse, et. al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a pretrial detainee proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $8.60 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1 preceding month's income credited to plaintiff's prison trust account.  These payments will be

2 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3 account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4       The court is required to screen complaints brought by prisoners seeking relief

5 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8 granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9 U.S.C. § 1915A(b)(1),(2).

10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16 Cir. 1989); Franklin, 745 F.2d at 1227.

17       A complaint must contain more than a "formulaic recitation of the elements of a

18 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

20 "The pleading must contain something more...than...a statement of facts that merely creates a

21 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

23 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

24 v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

25 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

26 the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

1    In reviewing a complaint under this standard, the court must accept as true the

2    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

3    738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4    and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

5    1843 (1969).

6    Plaintiff alleges that staff at Solano County Jail failed to provide him with proper

7    medical treatment.  However, plaintiff does not describe the medical treatment that was not

8    provided, his medical condition that required care or even the specific defendants who denied

9    him the treatment.  Plaintiff's complaint will be dismissed with leave to amend within twenty-

10   eight days of service of this order to provide more specific details.

11   In order to state a § 1983 claim for violation of the Eighth Amendment based on

12   inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

13   deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.

14   285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively

15   serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,

16   501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.

17   1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."

18   Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

19   A serious medical need exists if the failure to treat a prisoner's condition could

20   result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

21   that a prisoner has a serious need for medical treatment are the following:  the existence of an

22   injury that a reasonable doctor or patient would find important and worthy of comment or

23   treatment; the presence of a medical condition that significantly affects an individual's daily

24   activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

25   F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

26   (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

1  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

2        In Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) the

3  Supreme Court defined a very strict standard which a plaintiff must meet in order to establish

4  "deliberate indifference." Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114

5  S.Ct. at 1978.  However, even civil recklessness (failure to act in the face of an unjustifiably high

6  risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S.Ct.

7  at 1979.  Neither is it sufficient that a reasonable person would have known of the risk or that a

8  defendant should have known of the risk.  Id. at 842, 114 S.Ct. at 1981.

9        It is nothing less than recklessness in the criminal sense-subjective

10  standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114

11  S.Ct. at 1979-1981.  "[T]he official must both be aware of facts from which the inference could

12  be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

13  at 837, 114 S.Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a

14  substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

15  abate it."  Id. at 847, 114 S.Ct. at 1984.  "[I]t is enough that the official acted or failed to act

16  despite his knowledge of a substantial risk of serious harm."  Id. at 842, 114 S.Ct. at 1981.  If the

17  risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114

18  S.Ct. at 1981.  However, obviousness per se will not impart knowledge as a matter of law.

19        Furthermore, the Civil Rights Act under which this action was filed provides as

20  follows:

21

22       Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
     deprivation of any rights, privileges, or immunities secured by the

23       Constitution . . . shall be liable to the party injured in an action at
     law, suit in equity, or other proper proceeding for redress.

24

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

1    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2    (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

3    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4    omits to perform an act which he is legally required to do that causes the deprivation of which

5    complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6          Moreover, supervisory personnel are generally not liable under § 1983 for the

7    actions of their employees under a theory of respondeat superior and, therefore, when a named

8    defendant holds a supervisorial position, the causal link between him and the claimed

9    constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

10    (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

11    941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

12    in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

13    Cir. 1982).

14          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

16    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

17    how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

18    there is some affirmative link or connection between a defendant's actions and the claimed

19    deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

20    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

21    vague and conclusory allegations of official participation in civil rights violations are not

22    sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24    order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

25    amended complaint be complete in itself without reference to any prior pleading. This is

26    because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

1    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

2    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3    original complaint, each claim and the involvement of each defendant must be sufficiently

4    alleged.

5                    In accordance with the above, IT IS HEREBY ORDERED that:

6                    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7                    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8    Plaintiff is assessed an initial partial filing fee of $8.60.  All fees shall be collected and paid in

9    accordance with this court's order to the Solano County Jail filed concurrently herewith.

10                   3.  The complaint is dismissed for the reasons discussed above, with leave to file

11   an amended complaint within twenty-eight days from the date of service of this order.  Failure to

12   file an amended complaint will result in a recommendation that the action be dismissed.

13   DATED: June 3, 2010

14

15                                                       /s/ Gregory G. Hollows

16                                                       GREGORY G. HOLLOWS
                                                         UNITED STATES MAGISTRATE JUDGE
     GGH:AB
17   torr0977.b

18

19

20

21

22

23

24

25

26